IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS S. SWEIGART, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-922 |
| | : | |
| v. | : | |
| | : | |
| VOYAGER TRUCKING CORP., KEVIN J. PATTEN, TRANSFER STATION SERVICES INC., TRANSFER TRAILER SERVICES INC., BLUE & GREEN TRUCKING & HAIR, LLC, KEVIN J. PATTEN d/b/a BLUE & GREEN TRUCKING & HAIR, LLC, and COVANTA SUSTAINABLE SOLUTIONS, LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 4th day of October, 2022, upon consideration of the defendants' Motion to Bifurcate Trial Pursuant to Fed.R.Civ.P. 42 (Doc. No. 118), and the plaintiff's Response to Defendants' Motion (Doc. No. 133), it is hereby **ORDERED** that the defendants' motion is **DENIED**.[1]

---

[1] Under Federal Rule of Civil Procedure 42(b), the court can bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize [. . .]." Fed. R. Civ. P. 42(b); *see also Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984) ("[T]he trial court, in the exercise of its discretion, must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources.").

    The decision to bifurcate "is a matter to be decided on a case-by-case basis and must be subject" to an informed, discretionary decision made by the trial judge. *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978). Rule 42(b) is "sweeping in its terms and allows the district court, in its discretion, to grant a separate trial of *any kind of issue* in *any kind of case*." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 2389 (3d ed. 2008) (emphasis added). In this way, the court is "given broad discretion in reaching its decision whether to separate the issues of liability and damages." *Idzojtic v. Pa. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1971) (internal citation omitted). The Third Circuit reviews a decision to bifurcate for an abuse of discretion. *Lundy v. Hochberg*, 79 F. App'x 503, 504 (3d Cir. 2003).

    The defendants move to bifurcate the trial such that the issue of liability would be determined first, followed by the determination of damages, if necessary. In determining whether the court should bifurcate, the court considers "convenience, prejudice to the parties, expedition, and economy of resources." *Emerick*, 750 F.3d at 22. In considering these factors, the court concludes that bifurcating the liability from damages is not necessary or appropriate to ensure a just verdict.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.