**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRAVIS S. SWEIGART | |
| Plaintiff, | Civil Action No.: 5:21-cv-00922 |
| v. | |
| VOYAGER TRUCKING CORP., KEVIN J. PATTEN, BLUE & GREEN TRUCKING & HAIR, LLC, and KEVIN J. PATTEN d/b/a BLUE & GREEN TRUCKING & HAIR, LLC, | |
| Defendants. | |

## DEFENDANTS' PRETRIAL MEMORANDUM

### I.      BRIEF SUMMARY AND NATURE OF THE CASE

On September 9, 2019, Plaintiff Travis Sweigart was riding his 2002 Yamaha Fazer motorcycle on PA Route 10 through Morgantown, PA and speeding in order to get to work on-time.

At the same time, Defendant Kevin J. Patten was driving his company's 2006 Freightliner tractor with trailer attached loaded with municipal waste. Mr. Patten's company, Defendant Blue & Green Trucking & Hair, LLC had been hired as an independent contractor by Voyager Trucking to carry the municipal waste to the Conestoga Landfill, less than a mile away. Mr. Patten was not running late or speeding. Mr. Patten was exiting from US 176 and planed to travel across Rte. 10 and head left from this exit.

Both Plaintiff and Mr. Patten were familiar with this area. Indeed, Plaintiff testified that he had operated vehicles on this stretch of road thousands of times.

Visibility is not at issue. Mr. Patten stopped for at least three seconds at the Rte. 10 road edge and could see, and could be seen by, approaching traffic on Route 10, including Plaintiff. Mr. Patten saw a motorcycle's headlight at a bridge about 3 football fields away.

Mr. Patten had almost completed his turn when the accident happened.  In fact, his tractor was already in the left lane; his trailer had almost cleared the right lane when Plaintiff first applied any braking, locked his rear-tire and slid into the fourth axle tire at the trailer's rear.

The evidence shows that Plaintiff sped toward Mr. Patten's moving tractor-trailer and watched 65' of the 70' tractor trailer move in front of him for 11.6 seconds before he struck it. Mr. Patten's tractor trailer was present at the road edge and visible for at least 3 seconds before initiating that 11.6 second turn – this means Mr. Patten and his vehicles were visible and present for more than 15 seconds before impact and before Plaintiff crossed under the bridge to approach the intersection.

Plaintiff caused this accident by losing control and striking the side of a vehicle that he had been looking at for 15 or so seconds while speeding toward it under alleged control of the motorcycle's forward movement, speed, acceleration, deceleration, and braking.  Had Plaintiff been honoring the posted speed limit, Mr. Patten's trailer would have cleared the lane before Plaintiff drove into it.  Of course, Mr. Sweigart could also have approached the intersection with caution, maintained an assured clear distance, slowed down, or moved from the left side of the lane to the right side of the lane to go around the rear of the trailer and avoid the collision. 99.9% of drivers respond better than Plaintiff did in this accident.  Likewise, studies demonstrate that every driver in Mr. Patten's shoes would have similarly initiated that left turn.

**II.      JURISDICTION**

Diversity jurisdiction pursuant to 28 U.S.C. §1332.

**III.     LEGAL ISSUES**

### A.      Plaintiff Caused This Accident

Plaintiff has an obligation to follow the laws of the road and not run into other vehicles he encounters on the roadway.  Plaintiff breached these obligations by failing to:

2

1. obey the posted speed limit;
2. approach an intersection with caution especially when he knew that vehicles crossed or entered Route 10 from the I-176 off-ramp;
3. keep an assured clear distance ahead;
4. exercise reasonable care while operating his motorcycle in hours of darkness; and
5. slow or stop his motorcycle before colliding into the end of Mr. Patten's trailer.

These breaches are clear evidence of Plaintiff's unsafe, illegal, and reckless conduct and a demonstration of Plaintiff's poor judgment. This is what caused the accident.

In fact, failure to obey the posted speed limit alone constitutes negligence *per se* and is a forfeiture of any right of way. See, e.g., <u>Enfield v. Stout</u>, 161 A.2d 22 (Pa. 1960). Defendants request an *opening* instruction to the jury advising that Plaintiff was negligent *per se*.

Mr. Patten's tractor trailer is approximately 70 feet long. Plaintiff did not strike the tractor. If he did, this would indicate an emergency situation that required an immediate response – it would also indicate the possibility that the tractor pulled out in front of his path of travel. Plaintiff did not strike the front or even the middle of the trailer either. Instead, Plaintiff watched the tractor trailer actively cross his lane of travel for 11.6 before striking the rear tandem wheels of the trailer which are positioned in the last 5 feet of the trailer. The tractor trailer was present and visible to Plaintiff for at least 15 seconds – 3 of which it was stopped at the road edge. It was Plaintiff's excess speed, inattentiveness, and disregard for fundamental motorcycle operation requirements that were the sole cause of this accident.

### 1. Plaintiff Was Speeding

There is no dispute that Plaintiff was travelling in excess of the posted speed limit for Route 10 in violation of 75 Pa.C.S § 3362. Plaintiff's own accident reconstruction experts have Plaintiff travelling over the speed limit at incipient braking right before the locked rear tire skid mark left by Plaintiff's motorcycle when he lost control. Defendants' accident reconstruction experts agree that Plaintiff was speeding as he approached the intersection and was conservatively going 15 mph over the speed limit as he approached the bridge almost 800 feet

3

away.  Plaintiff testified that he let off the throttle and applied the front brake – this was before

incipient braking.  If true, Plaintiff was going even faster.  Had Plaintiff been going the speed

limit, Mr. Patten's left turn would have been completed and the collision avoided.

2.  <u>Plaintiff Violated the Assured Clear Distance Rule and Fundamental
Motorcycle Rider Obligations</u>

Ignoring that Plaintiff obeying the speed limit alone would have avoided this crash,

Plaintiff also violated his duty to maintain an assured clear distance ahead. See, 75 Pa.C.S.A. §

3361[1].  The assured clear distance rule requires motorists to travel at a speed that would permit

them to stop within the bloom of their headlights and honoring conditions that then and there

exist, like hours of darkness, approaching intersections, "or other traffic".  Plaintiff testified that

he knew this but was not sure how far his headlight illuminated in front of him.  Intersections

and hours of darkness require heightened vigilance, caution, and reduced speed.

Plaintiff failed to honor the instructions and advice provided in the Pennsylvania

motorcycle manual ("MC Manual").  The MC Manual advises motorcycle drivers to "SEE" –

"Search, Evaluate, and Execute" meaning "search aggressively ahead to avoid potential hazards

even before they arise.  How aggressively you search, and how much time and space you have,

can eliminate or reduce harm.  Focus even more on finding potential escape routes in and around

intersections….".  Riders are instructed to search for left turning vehicles.  The MC Manual

instructs riders to "leave enough time to react if an emergency arises".  Riders must be able to

---

§ 3361.  **Driving vehicle at safe speed.**

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and
having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to
bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall
drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when
approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding
roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or
highway conditions.

adjust their speed, communicate their presence, and adjust their position and direction in high-risk areas, including intersections. Intersections are characterized as representing "the greatest potential for conflict between you [a rider] and other traffic". The MC Manual instructs riders to reduce speed and increase distance when approaching intersections and driving in hours of darkness. This advice echo's Pennsylvania's assured clear distance rule.

Ultimately, Plaintiff had an affirmative duty to maintain a safe space and distance and not run into the side of a trailer that was present and visible in his path for more than 15 seconds.

    3.  Plaintiff's Response to Mr. Patten's Tractor Trailer Was Worse Than 99.9% of Similarly Situated Individuals

This delayed response requires explanation. Defendants' experts opine that Plaintiff delayed response to Mr. Patten's present and visible tractor trailer was a combination of speed, inattentiveness, and inability to control the motorcycle. Frankly, the more skilled Plaintiff is in operating a motorcycle[2], means that he was driving faster or was more inattentive. New data from Motive about the location, speed, bearing and position of Mr. Patten's tractor indicates that Mr. Patten was visible to Plaintiff earlier, was moving slower, and present longer during the Plaintiff's approach. The new data demonstrates Plaintiff's response to be even slower than previously described.

Defendants submit that Plaintiff's skill level was placed into dispute and at issue by Plaintiff himself. Plaintiff has his own explanation for this delayed response. Plaintiff proffers a human factors expert that excuses his conduct by primarily relying upon Plaintiff's own previous personal experiences on his motorcycle and at this accident scene. Plaintiff even proffers a motorcycle riding and mechanics expert (Mr. Randy Nelson) who blesses Plaintiff's actions in

---

[2] The motorcycle also has to be in a condition capable of responding to Plaintiff's skill level. If Plaintiff was counter-steering and applying the brakes appropriately and the motorcycle was responding, there would have to be some other explanation for why Plaintiff struck the trailer and/or could not stop.

this accident event.  Mr. Nelson opines that Plaintiff is an experienced rider and driver and that his braking and bike handling were appropriate[3].  Plaintiff's experts opine that Plaintiff's hazard assessment and perception was reasonable for a motorcyclist, especially one like the Plaintiff with his own experiences riding a motorcycle generally and at this specific accident roadway.

Indeed, since filing and arguing of motions *in limine*, Plaintiff produced a demonstrative video and photographs from his motorcycle expert purportedly to demonstrate that a motorcycle could create a hook at the end of a tire mark with a rear-locked tire.  This alone opens the door to evaluate whether Plaintiff or his motorcycle were capable of doing that – condition, licensing and competence.

Plaintiff did not have a motorcycle license and his motorcycle had not passed any required safety inspection.  Licensing demonstrates basic proficiency and an individual's "ability to exercise ordinary and reasonable control in the operation of a motor vehicle of the type or class of vehicles for which the applicant desires a license to drive".  75 Pa.C.S. § 1508(a).  See also, 75 Pa.C.S. §§ 1501, 1504, 4701, et seq.

Another explanation for Plaintiff's delayed response is impairment due to the influence of marijuana.  It is undisputed that Plaintiff had marijuana metabolites in his system at the time of the collision in violation of 75 Pa.C.S. § 3802(d)(1)(i) and (iii).  See also, Commonwealth v. Etchison, 916 A.2d 1169, aff'd in 2008 Pa. LEXIS 263 (Pa. 2008)(demonstration of impairment is not the question but rather if any amount of controlled substance was in his blood); Crosby v. Commonwealth Department of Transportation, et al, 548 A.2d 281 (Pa. Super. 1988)(requiring a

---

[3] Swerving and stopping are two avoidance skills discussed in the MC Manual.  Either of these skills would have avoided the September 9, 2019 accident.  The MC Manual states that sometimes stopping is not possible and a rider should be ready and able to swerve around an object.  In this accident, Plaintiff operated his motorcycle in the far left side of the lane.  He ignored the space to the right that would have provided an escape route around the rear of the trailer.  The rules of the road in Pennsylvania require operating a vehicle on the right side of a roadway when practical.  See, 75 Pa.C.S. § 3301.

showing of some type of corroborative evidence that is suggestive of impairment in addition to toxicology results).

Here, Plaintiff was familiar with the road where the accident happened and knows that tractor trailers exit off the ramp from I-176 to enter onto Route 10. Plaintiff purports to be a skilled and knowledgeable motorcycle driver. He has experienced vehicles cross his path that he did not anticipate and was able to avoid hitting them. In fact, Plaintiff's expert, Randy Nelson characterizes the videos that Plaintiff took of himself operating his motorcycle as evidence of his skill level. Plaintiff was so comfortable with operating his motorcycle that he was able to perform tricks such as wheelies. It is also undisputed that at the time of the accident, Plaintiff had marijuana and a marijuana pipe in his possession. The parties also agree that marijuana use could result in a slowed reaction time. Both parties have toxicology experts in this case.

Defendants submit that the toxicology report should be admitted into evidence given the corroborative evidence of impairment. In fact, the courts have submitted toxicology reports to a jury with less corroborative evidence than provided here. See, e.g., Donaldson v. Arsenich, 2011 Phila. Ct. Com. Pl. LEXIS 62, (aff'd on appeal without opinion in 2011 Pa. Super. LEXIS 4831 (Pa. Super. 2011) and Crosby v. Commonwealth Department of Transportation et al., 548 A.2d 281 (Pa. Super. 1988). This evidence is not unfairly prejudicial or likely to cloud the impartial scrutiny and evaluation of the facts by the jury. Defendants anticipate that Plaintiff will offer evidence that he was not impaired and both sides should be presented to the jury so that they can weigh the credibility of the evidence. This is the duty of the jury.

Defendants intend to submit memorandums to this Court on the preliminary preclusion and/or limitation of, e.g., the toxicology report, evidence of Plaintiff's marijuana usage and possession, lack of motorcycle license and safety inspection, Plaintiff's motorcycle videos and photographs and seek reconsideration of the same in light of the new Motive data, increase in

delayed response by Plaintiff to the tractor-trailer, and the inclusion of Plaintiff's skill level by his motorcycle operations expert, Randy Nelson.

### B.     Mr. Patten Was Not Negligent

Plaintiff must establish that Mr. Patten owed a duty to Plaintiff, breached that duty, and as a result, Plaintiff suffered damages.  See, <u>Winiski v. Brown & Brown Insurance Co.</u>, 906 A.2d 571, 575-576 (citing <u>Phillips v. Cricket Lighters</u>, 841 A.2d 1000, 1008 (Pa. 2003), reversed on other grounds).  Negligence is the absence of ordinary care that a reasonably prudent person would have exercised in the same circumstance.  <u>Martin v. Evans</u>, 711 A.2d 458, 502 (Pa. 1998). There is no higher standard of care applied to commercial drivers and Plaintiff will not be permitted to offer argument or testimony to the contrary.

> 1.     Mr. Patten Had the Right of Way and Occupied the Intersection When Plaintiff Ran Into Him

The Motive vehicle location data demonstrates that Mr. Patten stopped for at least 3 seconds at the road edge prior to initiating his left turn[4].  He then initiated his turn in advance of an approaching motorcyclist over 930 feet away – almost three football fields – and by the bridge.

Defendants' expert, Dr. Jeffrey Muttart compared the actions of Plaintiff and Mr. Patten in this case – initiating the left turn was what a reasonably prudent truck driver would have done in Mr. Patten's shoes.  In fact, Dr. Muttart found that 9 out of 10 tractor-trailer drivers would have pulled out and initiated that left turn with a vehicle down by the bridge.  Plaintiff suggests that Mr. Patten should have waited ten seconds – really it would have been more – but there would be no legal or factual reason to wait for a vehicle by the bridge and over 15 seconds away.

---

[4] Plaintiff may assert that Mr. Patten violated Pennsylvania's left turn statute (75 Pa.C.S.A. §3322), however, the statute does not apply to the facts of this accident.  75 Pa.C.S.A. § 3322 prohibits a vehicle from making a left turn in front of a vehicle approaching from the opposition direction.  For much of the accident event, Plaintiff was not approaching from the opposition direction but rather from the side of or perpendicular to Mr. Patten's tractor-trailer.

The Pennsylvania rules of the road require a turning vehicle to yield to other vehicles that are close enough to constitute a hazard. At 900 feet away, Plaintiff did not constitute a hazard. Further, Mr. Patten occupied the lane for at least 8 seconds before Plaintiff did anything. Hindsight is not an appropriate measure to evaluate breach of a duty. Flanagan v. Peoples Passenger Railway Co., 163 Pa. 102, 29 A. 743 (1984).

Also, Mr. Patten would not be able to appreciate the speed of an approaching vehicle by the bridge but has a reasonable expectation that the operator is obeying the speed limit. Mr. Patten was familiar with the intersection and that very left turn. He knew that he could complete his left turn if the approaching vehicle was by the bridge and he could have -- but for Plaintiff's speeding. The MC Manual advised Plaintiff that it was difficult for vehicles to see and gauge motorcycle drives. Plaintiff should have anticipated a tractor trailer over 900 feet away would not be able to tell that he was going faster than the posted speed limit.

2.    Mr. Patten Was Not Distracted

The Federal Motor Carrier Safety Administration ("FMCSA") permits the use of handsfree cell phone use when operating a tractor trailer. See, 49 CFR § 392.82. This distinction between hands-held and hands-free cell phone use is generally true regardless of what type of vehicle a person is operating. Ultimately, hands-held cell phone use and/or manually operating a cell phone while driving is prohibited. This was not the case here. Instead, Plaintiff contends that despite the cell phone call being hands free, Mr. Patten was distracted at the time of the accident but the call from his cousin Mr. Hamilton.

To support this contention, Plaintiff offers Dr. David Strayer as a distraction expert in this case[5]. Specifically, that Mr. Patten experienced impaired judgment due to cell phone

---

[5] Defendants filed a motion to limit and/or preclude Dr. Strayer's testimony pursuant to Fed.R.Evid. 702 and 703 that is still pending. See also, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 US 579 (1993). Defendants assert that Dr. Strayer's opinions are speculative and lack foundation, and therefore, cannot pass Daubert's muster. See

distraction. It's unclear how initiating a left turn when there is almost more than three football

Ultimately, even Dr. Strayer concedes that in order for distraction to occur, the party to the

conversation must be an active participant. That's not what happened here.

Mr. Patten answered the call from his cousin the morning of September 9, 2019. The call

was connected at approximately 5:35 a.m. – well before the 5:39 a.m. accident. In fact, Mr.

Patten likely hadn't exited I-176 yet. Mr. Patten greeted his cousin and said "said hi to Zanna" –

his wife – who was in the cab with him[6]. Mr. Hamilton wished the couple a Happy Anniversary

and asked how their trip to Atlantic City to celebrate went. Zanna told Mr. Hamilton what they

did and was letting him know that he should take his girlfriend to Atlantic City. Mr. Hamilton

then heard Mr. Patten make a comment about a vehicle that was going to hit his trailer. He asked

Zanna what happened and she ended the call. Mr. Patten uttered two sentences during this call –

one to his cousin at the very beginning to say hi and the other an exclamation of Plaintiff's

impending collision with his trailer.

This conversation would not indicate impairment due to distraction even by Dr. Strayer's

standards. Instead, Dr. Strayer opines that it really was the salacious nature of the conversation

that was distracting to Mr. Patten. Yet, Mr. Hamilton explained that he initially called to talk

about what happened to him the night before with two ladies but never got the opportunity.

Once it was determined that this "salacious" conversation never happened, Dr. Strayer indicated

that Mr. Patten is actively monitoring the call or hypervigilant to the words used because Mr.

Hamilton is a convicted sex offender[7]. Apparently, sex offenders cannot control what they say

---

also, Oddi v. Ford Motor Company, 234 F.3d 136, 146 (3d. Cir. 2000)(internal citations omitted)(preclusion of expert opinion when there is too great a gap between the facts and the opinion).

[6] It was not unusual for Zanna Patten to drive with her husband on trips. Ms. Patten is a hair stylist by trade. The name of the Company is "Blue and Green Trucking and Hair, LLC", a nod to her vocation.

[7] Mr. Hamilton's sex offender status will not be presented to the jury pursuant to Fed.R.Evid. 609.

and offer salacious comments without warning.  Mr. Patten never said anything about being

anxious, worried, or even slightly concerned about what his cousin was going to say – as far as

he was concerned – they were discussing his Anniversary.  It was not unusual for his cousin to

call since he was also on his way to work.  Dr. Strayer instead attributed Mr. Hamilton's thought

process (i.e. the indication by Mr. Patten that his wife was in the cab) to that of Mr. Patten.  This

is not supported by the evidence.

### C.   Voyager Is Not Vicariously Liable For Its Independent Contractor's Employee, Mr. Patten[8]

Voyager hired a qualified independent contractor, Blue & Green Trucking & Hair, LLC

("Blue & Green") to transport solid waste from transfer stations to landfills and/or incinerators.

Plaintiff concedes that Mr. Patten was not an employee of Voyager but rather of its independent

contractor, Blue & Green.  Plaintiff also agrees that Voyager lacked the requisite control over

Blue & Green or Mr. Patten that would permit a factfinder to find an employee/employer or

master/servant relationship between Mr. Patten and Voyager.

In Pennsylvania, a contractee is not liable for the negligent acts or omissions of its

independent contractor.  Drexel v. Union Prescription Centers, Inc., 582 F.2d 781, 785 (3d. Cir.

1978); Drummond v. Hilton Hotel Corp., 501 F. Supp. 29, 30 (E.D. Pa. 1980); Feller v. New

Amsterdam Casualty Co., 363 Pa. 483, 486 (Pa. 1950; Hammermill Paper Co. v. Rust

Engineering Co., 243 A.2d 389, 392 (Pa. 1968; and Universal Am-Can, Ltd. v. WCAB

(Minteer), 762 A.2d 328, 333 (Pa. 2000).  There are limited exceptions to this rule.  See, Astoria

Fed.Sav. & Loan Ass'n v. Solimino, 501 US 104, 108 (1991)(holding that well-established

common law principles should apply unless it is evident that the common law contradicts a

statutory purpose).

---

[8] Of course, this also requires Plaintiff to first demonstrate that Mr. Patten was negligent.

In an attempt to circumvent this rule, Plaintiff alleges that Voyager is responsible the actions of Mr. Patten through the definition section of the Federal Motor Carrier Safety Administration ("FMCSA") regulations and as a franchise under the Restatement (Second) of Torts § 428. Plaintiff requests a novel and broad application of 49 CFR § 390.5T and Restatement (Second) of Torts § 428. Plaintiff cannot be successful as a matter of law.

There is no dispute that Voyager is an exempt for hire motor carrier that is in the business of transporting garbage from transfer stations to landfills or incinerators. At the time of the accident, Blue & Green was also an exempt motor carrier transporting garbage. As exempt motor carriers, Voyager and Blue & Green are not subject to the economic or financial regulations of the FMCSA.

> 1.    The FMCSA Definition Section In Part 390 Does Not Impute Liability To Exempt Motor Carriers

The mechanism that subjects exempt motor carriers to the FMCSA safety regulations (e.g. hours of service, qualifications of drivers, conditions of vehicles) is 49 USC § 31502. In fact, the purpose of Part 390 (FMCSA Safety regulations chapter) state: "This part establishes general applicability, definitions, general requirements and information as they pertain to persons subject to this chapter". 49 CFR § 390.1.

Plaintiff asserts that independent contractors are included under the definition "employee" in the FMCSA regulations[9]. See, 49 CFR § 390.5T (defining employee and employer as:

> **Employee** means any individual, other than employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler…

---

[9] Plaintiff relies on a suspended version of the definitions in Part 390. See, e.g. 49 CFR §390.5 compared with 49 CFR § 390.5T.

> **Employer** means any person engaged in a business affecting
> interstate commerce who owns or leases a commercial motor
> vehicle in connection with that business, or assigns employees to
> operate it…).

However, the terms "employee" and "employer" under § 390.5 are limited to the operation of a

"commercial motor vehicle". Regulations applying to commercial motor vehicles do not extend

to Voyager or Blue & Green because they do not transport property. See, 49 CFR § 390.5T,

commercial motor vehicle (defined as: "…any self-propelled or towed motor vehicle used on a

highway in interstate commerce to transport passengers or property…").

It is well established in Pennsylvania that garbage is not "property" under the Motor

Carrier Act because it has little to no economic value. See, Mazzarella v. FAST Rig Support,

LLC, 115 F. Supp. 3d 500 (M.D. Pa. 2015), questioned on other grounds and affirmed in 2016

US App. LEXIS 9687 (3d. Cir. 2016). This is not a departure from the prior agencies'

interpretation of property either. Pennsylvania's Interstate Commerce Commission ("ICC") and

the Department of Transportation ("DOT") also interpreted the term "property" to exclude

garbage. See, Wilson v. IESI NY Corp., 444 F. Supp. 2d 298 (M.D. Pa. 2006). This

determination has been the same regardless of which side takes the position that garbage should

be considered property – the modern Pennsylvania Courts decided that garbage is not property[10].

Also, Plaintiff's position that the inclusion of a term in the definition section of Part 390

requires mandatory application is not supported legally or factually. There are a lot of

definitions for part 390 and not every definition will apply. For example, this definition section

includes, e.g., "farm vehicle driver", "intermodal equipment provider", "private motor carrier",

---

[10] Plaintiff indicated that this Court should consider Fair Labor Standards Act ("FLSA") litigation where garbage haulers sought an exception to the FLSA's minimum wages. The courts came to the same conclusion – trash is not property. This can be distinguished from recyclables that have economic value. See, e.g., Mazzarella v. FAST Rig Support, LLC, 115 F. Supp. 3d 500 (M.D. Pa. 2015); Raymond v. Mid-Bronx Haulage Corp, 2017 US Dist. LEXIS 50430 (S.D.N.Y. 2017).

"shipper", etc.  No one is suggesting that Voyager is all of these types of carriers just because they too are subject to safety regulations and are contained in the definition section of Part 390. Defendants' position is further supported by the FMCSA's expansion of the old definitions (i.e. 49 CFR § 390.5) has been extended to include a separate and distinct definition for "exempt motor carrier".  See, 49 CFR §390.5T.  In fact, when Pennsylvania has imputed vicarious liability for the negligent acts of an independent contractor under the FMCSA safety regulations, it did not involve an exempt motor carrier or trash hauler.  See, e.g., Shelton v. Gure, 2021 Dist. LEXIS 102307 (M.D. Pa. 2021).

> 2.     There Is No Franchise Under Restatement (Second) of Torts § 428 ("§ 428")

Plaintiff asserts that Voyager is vicariously liable for its independent contractor under a § 428 franchise bestowed upon Voyager by the US DOT, Pennsylvania Department of Environmental Protection ("PA DEP"), and New Jersey's Department of Environmental Protection ("NJ DEP").  Ignoring that Pennsylvania has not adopted § 428 [11], vicarious liability through a § 428 franchise is only appropriate when:

> An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for physical harm caused to such others by the negligence of a contractor employed to do work carrying on the activity.
>
> Restatement (Second) of Torts § 428.

---

[11] In fact, the Restatement is supposed to "offer a synthesis of American common law".  See, Tincher v. Omega Flex, 104 A.3d 328, 339 (Pa. 2014).  Adoption of the Restatement cannot depart dramatically from the well and long-established common law because the Restatement has not been vetted through the legislative process.  See, Tincher at 340-341.  "The Court is not in a position to upend risks and expectations premised upon broad-based arguments calling for a judgment about socially acceptable economic incentives; the legislative setting is a preferable forum for such an endeavor".  Tincher at 340 (internal citations omitted).

See also, <u>Aubourg v. Eyre Bus. Serv.</u>, 2021 US Dist. LEXIS 239346, *15 (W.D. Pa. 2021)(the district courts have applied § 428 when "common carriers have subcontracted others to perform their duties and the acts of the subcontractors caused harm to third parties").

Even if Pennsylvania adopted § 428, it would not apply the strict liability approach that Plaintiff is seeking in this case (i.e. you have a license = franchise/non-delegable duty; you have a permit = franchise/non-delegable duty; you are regulated in any way by any governmental agency = franchise/non-delegable duty).  Instead, Pennsylvania has been measured/balanced in evaluating a § 428 argument.

Not every type of carrier is bestowed with operating authority by the DOT.  In fact, the DOT characterizes trash haulers, like Voyager, as exempt-for-hire carriers.  Defendants' exempt for hire status is not in dispute here.  Ultimately, trash haulers are exempt because garbage is viewed as having no or little value and does not constitute "property".  Importantly, exempt for hire carriers do not receive operating authority or a motor carrier ("MC") number, and therefore, no authority or privilege – or § 428 franchise – is bestowed by the DOT.  See, <u>Wilson v. IESI NY Corp.</u>, 444 F. Supp.2d 298, 312 (M.D. Pa. 2006)(the Pennsylvania District Court acknowledges that the lack of operating authority give by the DOT means that there is no franchise).

Next, Plaintiff asserts that the § 428 franchise is created by obtaining Pennsylvania's Act 90 permit and New Jersey's Act 901 license.  However, these are also insufficient mechanisms to create a § 428 franchise and support vicarious liability.  The case law in each respective state reserve a § 428 franchise analysis to authorized-for-hire carriers – those that are required to obtain operating authority from the DOT.  See, e.g., <u>Venuto v. Robinson</u>, 118 F.2d 679 (3d Cir. 1941); <u>Longo v. Pennsylvania Electric Co.</u>, 618 F. Supp. 87, 90-91 (W.D. Pa. 1985); <u>Kissell v. Motor Age Transit Lines, Inc.</u>, 53 A.2d 593 (Pa. 1947); <u>Courtney v. Ivanov</u>, 2015 US Dist.

LEXIS 81165 (W.D. Pa. 2015); Trautman v. Higbie, 89 A.2d 649 (NJ 1952).  None impose §

428 liability on exempt-for-hire carriers like Defendants[12].

Also, Blue & Green operated under its own Pennsylvania authorization permit when it

was transporting the garbage within the Commonwealth and was not acting under Voyager's

authority.  New Jersey's statutes specifically limit its regulations related to the transportation of

garbage to activities within its own borders and acknowledges that alternative or additional

authority may be required outside of New Jersey.  See, N.J.S.A. § 13:1E-9.3.  Here, the accident

happened in Pennsylvania.  Defendants submit that the Court should focus on how Pennsylvania

evaluates

### D.      Blue & Green and Voyager Did Not Do Anything Wrong

Blue & Green is the independent contractor of Voyager – not Mr. Patten.  Although

direct and vicarious claims were asserted against Blue & Green, Plaintiff does not criticize Blue

& Green's conduct.  In fact, none of Plaintiff's experts offer any criticism of Blue & Green.

The direct liability claims against Voyager are purportedly that Voyager failed to

properly train Mr. Patten – their independent contractor's driver/employee - or enforce their

internal cell phone policy.  To support Plaintiff's direct negligence claims against Voyager,

Plaintiff offers the expert opinion of trucking expert, Jon Paul Dillard[13].  Plaintiff concedes that

Mr. Dillard will not opine that Voyager was a statutory employer of Mr. Patten.  Mr. Dillard also

concedes that Mr. Patten satisfied the qualification necessary to become a commercial driver.

See, 49 CFR 391, et seq.

---

[12] Blue & Green also had it's own authorization permit from the PA DEP to transport garbage in the Commonwealth and was not acting under Voyager's permit.
[13] Defendants filed a motion in limine to preclude and/or limit Mr. Dillard's testimony pursuant to Fed.R.Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311 (9th Cir. 1995).  Mr .Dillard has been precluded from offering conclusions that failing to offer defensive driving training caused an accident or that lack of training constitute a conscious disregard for the motoring public.  Plaintiff has agreed to voluntarily limit the scope of Mr. Dillard's testimony.

Other than the entry level training required to obtain a commercial motor vehicle license

("CDL"), the FMCSA does not require any additional training.  See, e.g., 49 CFR 383.111,

383.113, 380.107, 380.109, 383.37, and 383.1.  Training is certainly not required to be provided

to employees of independent contractors.  Instead, Voyager confirmed Blue & Green's driver,

Mr. Patten, had, e.g., a valid CDL, did not have any disqualifying motor vehicle violations, and

passed a road test.  Mr. Patten also underwent an orientation that included some driver training –

this was not required.  Of note, Plaintiff is not asserting a negligent entrustment claim and there

is no dispute that Mr. Patten is a qualified commercial motor vehicle driver.

Mr. Dillard seems to suggest that Mr. Patten's lack of operating authority rendered

Voyager responsible for Mr. Patten's qualifications and training because they hired him to drive

his vehicle on behalf of Voyager.  This is not accurate.  First, Voyager contracted with Blue &

Green and not Mr. Patten.  Secondly, neither Voyager or Blue & Green had operating authority

because they transport garbage – not property or people.  Neither Voyager or Blue & Green were

required to have operating authority.

Voyager utilized both independent contractors and their own employee drivers.  The

Voyager employee drivers operated Voyager trucks and operated under Voyager's authority.  In

contrast, independent contractors had their own equipment and operated under their own

authority.  Voyager's internal cell phone policy only applied to their employee drivers.  In fact,

Voyager lacked the requisite control over their independent contractors to implement and enforce

their own internal policies against their contractor's employees.

The argument that Voyager had a duty to enforce their internal cell phone policy against

it's independent contractor's employee, Mr. Patten, and failure to do so constituted a breach, is a

back door approach to submitting inadmissible evidence.  Plaintiff's experts, Mr. Dillard and Dr.

Strayer do not offer the opinion that Voyager's internal cell phone policy is customary,

17

widespread, generally accepted, and/or the standard in the trucking industry.  Without this, Voyager's more restrictive internal cell phone policy cannot be used as the equivalent or demonstrative of the measure of care to be applied in this case.

It is well established in Pennsylvania that internal policies that go above and beyond common law or statutory standards of care, do not create a new or higher standard of care as a matter of law and public policy.  See, e.g., Aiello v. Chester Downs, LLC, 2021 US Dist. LEXIS 132566, *16 (E.D. Pa. 2021)(finding that internal policies were not the same as duty of care, especially when the internal policy offers greater protection to the public); McNelis v. Pa. Power & Light Co., 867 F.3d 411, 418 (3d Cir. 2017)(violations of internal policies by itself does not equate to violation of the law); Keifer v. Reinhart Foodservices, LLC 2012 US Dist. LEXIS 12209, fn. 10 (W.D. Pa. 2012)(internal policies do not necessarily represent the standard of care); Callison v. City of Philadelphia, 430 F.3d 117, 121 (3d. Cir. 2005)(where internal policies conflict with law, the law controls and compliance with the law is sufficient); Heichel v. Marriott Hotel Servs, 2019 US Dist. LEXIS 85136, *10 (E.D.Pa. 2019)(internal citations omitted)(finding that company rules or internal manuals by themselves do not establish a standard of care).

Instead, the FMCSA regulations set the standard as it relates to cell phone use and driver conduct/safety.  See, e.g., 49 CFR §§ 392.82, 382.103, et seq., 383.113, et seq., 391.11, et seq. and 392.10, et seq.  Blue & Green's driver did not violate the FMCSA regulations regarding cell phone use.

Ultimately, if Plaintiff cannot establish a standard of care (i.e. duty), there can be no breach, and no finding of negligence.

## IV.    ALLEGED DAMAGES

Plaintiff alleges past and future medical expenses and pain and suffering.  There is no loss of earnings claim.

The parties stipulate that there is $981,711.87 in related past medical expenses.

Plaintiff's life care planner asserts a total $7,504.868.28 in projected future medicals. This includes a $1.8 million dollar level three prosthetic that exceeds Plaintiff's physical capabilities and the potential for a future left leg amputation. This life care plan also assumes that Plaintiff's life expectancy is that of an average male and fails to consider his increased risk of infection/sepsis, falls, deep vein thrombosis, and immobility-related pneumonia which will decrease his life span by 15 years.

In contrast, Defendants' life care planner projects future medical expenses to be $3,802,774.77. To the extent that Plaintiff's left leg is also amputated, defense projected future medicals are $4,528,291.32.

## V.  WITNESSES TO BE CALLED AT TRIAL[14]

In addition to the parties of this matter and their respective representatives, if any, Defendants may call any of the following witnesses in presentation of its case in chief:

### A. Liability

1.  Casey Cairns
    1396 Geigertown Road
    Geigertown, PA 19523

2.  Officer Kyle Tranovich
    Officer Thomas Brecker
    Sargent Matthew Menna
    c/o Caernarvon Township Police Department
    330 Main Street
    Morgantown, PA

3.  Christopher Smith
    Kevin Bambrick
    Honeybrook-Elverson EMS
    4458 Main St.
    Elverson, PA 19520

---

[14] Defendants reserve the right to modify the same prior to trial, if necessary.

4.      Cortney Pusch
        Matthew Keller
        Jordan Greenwood
        Dispatchers
        Berks County Department of Emergency Services
        2561 Bernville Rd.
        Reading, PA 19605

5.      Kelly Motter
        Responding EMT
        Brandywine Hospital Medical Transport
        201 Reeceville Road
        Coatesville, PA 19320

6.      Deputy Pete Hornberger
        Captain Mike Wilson
        Lieutenant Keith Gehman
        Officer Tim Cunningham
        Keith McGowan
        Jonathan Porter
        Responding Firefighters and Officers
        Twin Valley Fire Company
        4456 Main Street
        Elverson, PA 19520

7.      Barry Readinger
        58 Regal Lane
        Birdsboro, PA 19508

8.      Tyler Sakal
        41 West Fifth Street
        Pottstown, Pennsylvania 19464

9.      Jeffrey Reed
        305 Blimline Road
        Mohnton, PA 19540

10.     Timothy Mast
        305 East Main Street, Apartment 1
        New Holland, PA. 17557

11.     Robert Lavery
        Beiler Brothers Roofing
        836 Peters Road
        New Holland, PA 17557

12.     Andre Hamilton
        35 Prescott Avenue
        Garfield, NJ 07026

13.     Zanna Patten
        c/o Law Offices of Thomas J. Wagner, LLC
        8 Penn Center, 6th Floor
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103

14.     Liam Tanelli
        c/o Law Offices of Thomas J. Wagner, LLC
        8 Penn Center, 6th Floor
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103

15.     John Costa
        c/o Law Offices of Thomas J. Wagner, LLC
        8 Penn Center, 6th Floor
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103

16.     Justin Haskins
        c/o Law Offices of Thomas J. Wagner, LLC
        8 Penn Center, 6th Floor
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103

17.     Todd Hoover
        Design Research Engineering
        46475 Desoto Court
        Novi, MI 48377

18.     Dr. Jeffrey Muttart
        Crash Safety Research Center
        42 East High Street, #105B
        East Hampton, CT 91604

19.     Dr. David Curry
        Solution Engineering Group
        420 N. Main Street
        Montgomery, IL 60538

20.     Dr. Tara Moore
        Tara Moore Consulting
        273 N. Easton Road
        Glenside, PA 19038

21.    Dr. Michael McCabe
Exigent
292 Main Street
Harleysville, PA 19438

22.    Kirk Cummings
1761 Skiers Alley
Lapeer, MI 48446

23.    Mark Lanterman
Computer Forensic Services
800 Hennepin Avenue, 5th Floor
Minneapolis, MN 55403

24.    Dr. L. Matthew Schwartz
1108 E. Willow Grove Avenue
Wyndmoor, PA, 19038

25.    Joseph Purfield
c/o Harbor Business Compliance Corporation Lancaster
1830 Colonial Village Lane
Lancaster, PA 17601

26.    Stanley Andrews
Ei Consultants, LLC
PO Box 610
2575 E. Heritage Parkway, 2nd Floor
Farmington, AR 72730

27.    Randy Nelson
Motorcycle Dynamics
701 S. Andresea Drive, Suite A
Escondido, CA 92029

28.    Joellen Gill
Applied Cognitive Sciences
10501 S. Lambs Lane
Mica, WA 99023

29.    Jon Paul Dillard
JP Transportation Safety Consulting
PO Box 382105
Birmingham, AL 35238

30.     Dr. David Strayer
        Department of Psychology
        380 South, 1530 East, Room #502
        University of Utah
        Salt Lake City, UT 84112-0251

31.     Dr. Calum McRae
        ARCCA, Incorporated
        2288 Second Street Pike
        PO Box 78
        Penns Park, PA 18943

32.     Dr. Timur Durrani
        2507 Ashby Avenue
        Berkeley, CA 94705

33.     Dr. Ryan Michel
        850 Knitting Mills Way
        Wyomissing, PA 19610

34.     Dr. Filip Moshkovsky
        Reading Hospital
        420 S. 5th Avenue
        West Reading, PA 19611

35.     Dr. Eliott H. Myrowitz
        Wilmer Eye Institute at Green Spring Station
        10753 Falls Road, Suite 455
        Lutherville, MD 21093

36.     Records Custodians, Representatives, and/or Corporate Designees of:

a.      Omni Insurance Company a/k/a Good2Go Insurance
        1400 Union Meeting Road, Suite 250
        Blue Bell, PA 19422

b.      Pennsylvania Department of Transportation
        Bureau of Driver Licensing
        Vehicle Record Services
        PO Box 68695
        Harrisburg, PA 17106-8695

c.      Dr. Jeffrey Mumie
        315 Darby Square, Suite 100
        Elverson, PA 19520

        127 Main Street
        Harleysville, PA 19438

d.      UPMC Community Health Choices
        U.S. Steel Tower, 10th Floor
        600 Grant Street
        Pittsburgh, PA 15219

e.      Commonwealth of Pennsylvania, Department of Motor Vehicles
        1101 South Front Street
        Harrisburg, PA 17104

f.      America's Best
        4617 Perkiomen Avenue
        Exeter Commons
        Reading, PA 19606

g.      Dr. Cain Cerra
        321 N. Furnace Street, Suite 160
        Birdsboro, PA 19508

        1265 Wayne Avenue
        119 Professional Center, St 312
        Indiana, PA 15701

        860 Lancaster Avenue
        Devon, PA 19333

h.      NovaCare Rehabilitation
        321 N. Furnace Street, Suite 160
        Birdsboro, PA 19508

i.      Romed Ambulance
        2860 Hedley Street
        Philadelphia, PA 19137

j.      Bollman Hat Company
        110 E. Main Street
        Adamstown, PA 19501

k.      State Farm Insurance Company
        c/o Corporation Service Company
        2595 Interstate Drive, Ste 103
        Harrisburg, PA 17110

l.      Caernarvon Township Police Department
        3307 Main Street
        Morgantown, PA 19543

m.      Charles E. Barton
        Penn State St. Joseph Medical Center
        2494 Bernville Road, Ste 106
        Reading, PA 19605

n.      Dr. Krystle Chuong
        957 Ben Franklin Highway W.
        Douglassville, PA 19518

o.      Coventry Dentistry
        2317 Pottstown Pike
        Pottstown, PA 19465

p.      The Performance Group
        824 Penn Avenue
        Wyomissing, PA 19610

q.      Dr. Donovan C. Young
        2733 Papermill Road
        Reading, PA 19610

r.      Dr. David S. Goldberg
        1 Granite Point Drive
        Wyomissing, PA 19610

s.      Garden Spot Middle School
        669 E. Main Street
        New Holland, PA 17557

t.      Cocalico High School
        810 South 4th Street
        Denver, PA 17519

u.      Dr. Nathan Daigle
        3130 Princeton Road, Suite B
        Fleetwood, PA 19522

v.      Burmans Medical
        210 Bridgewater Road, Ste. 1
        Aston, PA 19014

w.      Tower Health Plastic Surgery
        2610 Keiser Boulevard
        Reading, PA 19610

x.      Western Berks Ambulance Association
        2506 Belmont Avenue
        Reading, PA 19609

y.      Reading Nephrology
        301 S. 7th Avenue, Ste. 355
        West Reading, PA 19611-1436

z.      Southern Berks EMS
        769 Mountain View Road
        Reading, PA 19607

aa.     Commonwealth of Pennsylvania Auto Tags
        377 E. High Street
        Pottstown, PA 19464

bb.     Pottstown Hospital
        1600 E. High Street
        Pottstown, PA 19464

cc.     Aetna
        151 Farmington Avenue
        Hartford, CT 06156

dd.     Walmart Pharmacy
        c/o CT Corporation System
        600 North 2nd Street, Suite 401
        Harrisburg, PA 1701

ee.     CoreSource
        1280 North Plum Street
        Lancaster, PA 17608

ff.     Doug's Family Pharmacy
        101 Darby Square
        Elverson, PA 19520

gg.     Horizon Healthcare
        1070 New Holland Avenue
        Lancaster, PA 17601

hh.     Pennsylvania Department of Revenue
        Director's Office
        Bureau of Administrative Services
        12th Floor Strawberry Square
        Harrisburg, PA 17128-1200

ii.     In Home Oxygen
        103 Lancaster Avenue
        Reading, PA 19611-1622

jj.     Pottstown Wound Center
        1600 E. High Street
        Pottstown, PA 19464

kk.     Star Marketing and Administration, Inc.
        400 N. Field Drive
        Lake Forest, IL 60045

ll.     Tower Health
        420 S. Fifth Ave.
        West Reading, PA 19611

        219 N. Broad St.,4[th] Floor
        Philadelphia, PA 19107

        1600 E. High Street
        Pottstown, PA 19464

mm.     Medline Industries
        Three Lakes Drive
        Northfield, IL 60093

nn.     GPS Physicians Group
        5485 Perkiomen Avenue
        Reading, PA 19606

oo.     Dr. Joseph W. Strangarity
        320 School Road
         Denver, PA 17517

pp.     Twin Valley Fire Department
        4456 Main Street
        Elverson, PA 19520

qq.     Ability Prosthetics and Orthotics
        660 W. Lincoln Hwy
        Exton, PA 19341

rr.     Orthopaedics Associates of Reading
        4885 Demoss Rd. #102
        Reading, PA 19606

ss.     Tower Health at Home – Berks
        1170 Berkshire Blvd.
        Wyomissing, PA 19610

tt.      Conduent
100 Campus Dr., # 200
Florham Park, NJ 07932

uu.     Brandywine Hospital Medical Transport
201 Reecceville Rd.
Coatesville, PA 19320

vv.     Heck Construction
143 Main St
Denver, PA 17517

ww.    GEICO Insurance Company
1 GEICO Blvd.
Fredericksburg, VA 22412

xx.     Encompass Health Rehabilitation Hospital
1623 Morgantown Rd.
Reading, PA 19607

yy.     Elverson Honeybrook EMS
4458 Main St.
Elverson, PA 19520

zz.     Berks Radiation Oncology Association
6th Ave. and Spruce Streets
West Reading, PA 19611

aaa.   Help at Home
1202 Township Line Road
Chalfont, PA 18914

bbb.   William Champagne
246 Colonial Drive
Akron, PA 17501

ccc.   Berks County Department of Emergency Services
Direct Link Technical Center
2561 Bernville Rd.
Reading, PA 19605

ddd.   Social Security Administration
Division of Earnings Record Operations
PO Box 33003
Baltimore, MD 21290-3003

201 Penn Street, Suite 200
Reading, PA 19601

eee.   Beiler Brothers, LLC
836 Peters Road
New Holland, PA 17557

fff.   Dr. Thiruvenkatas Dhurairaj
301 S. 7th Avenue, Suite 135
Reading, PA 19611

ggg.   Dr. Michael Sachenik
301 S. 7th Avenue, Ste 135
Reading, PA 19611

hhh.   ACME
500 S. Muddy Creek Road
Denver, PA 17517

iii.   Vaitl Service, Inc.
403 West Girl Scout Road
Stevens, PA 17578

jjj.   Reono Bertagnolli, A Medical Group
2820 N. Ontario Street
Burbank, CA 91504-2015

kkk.   Berkshire Rehab Center
5501 Perkiomen Road
Reading, PA 19606

lll.   TracFone Wireless, Inc.
9700 Northwest 112th Avenue
Miami, FL 33178

mmm.   Brooks Group Insurance Agency, LLC
70 Bridge Plaza Drive
Manalapan, NJ 07726

nnn.   Endurance American Insurance Company
c/o Sompo International Insurance
3333 New Hyde Park Road, Suite 210
New Hyde Park, NY 11042

ooo.   Hallmark Specialty Insurance Company
       c/o Registered Agent
       Kerr, Irvine Rhodes & Ables
       201 Robert S. Kerr Avenue, Suite 600
       Oklahoma City, OK 73102-4267

ppp.   Dr. Jerry Szych
       Natural Medicine and Rehabilitation
       399 Campus Drive, 1st Floor
       Somerset, NJ 08873

qqq.   Reliance Partners
       555 Walnut St, Suite 280
       Chattanooga, TN 37402

rrr.   Prime Property & Casualty Insurance
       303 W. Madison Street, Suite 2075
       Chicago, IL 60606

sss.   Sompo International
       3333 New Hyde Park Road, Suite 210
       New Hyde Park, NY 11042

ttt.   Statewide Resources Insurance Agency, LLC
       655 Kearny Ave., Ste. 201
       Kearny, NJ 07032

uuu.   T-Mobile
       Law Enforcement Relations
       4 Sylvan Way
       Parsippany, NJ 07054

vvv.   Motive formerly known as Keep Truckin'
       c/o Incorporating Services, Ltd.
       3500 South Dupont Highway
       Dover, DE 19901

www.   Help at Home Services, LLC
       c/o Registered Agents, Inc.
       502 W. 7th Street, Ste. 100
        Erie, PA 16502

xxx.   Health at Home Care, LLC
       225 Cornell Avenue
       Pittsburgh, PA 15229

yyy.   Rider Insurance
        581 Main Street
        Woodbridge, NJ 07095

zzz.    Gage Personnel Employment Services
        348 N. Reading Road
        Ephrata, PA 17522

aaaa.   SMS Builders
        201 Commerce Drive, #A
        New Holland, PA 17557

bbbb.   Reamstown Elementary School
        44 S. Reamstown Road
        Reamstown, PA 17567

cccc.   French Creek Golf Course
        4500 Conestoga Road
        Elverson, PA 19520

dddd.   Brecknock Elementary School
        1332 Alleghenyville Road
        Mohnton, PA 19540

eeee.   Express Employment Professionals
        840 North Park Road
        Wyomissing, PA 19610

ffff.   Dr. Michael Williams
        Thomas Jefferson University Hospital
        111 S. 11th Street, Ste. 524
        Philadelphia, PA 19107

gggg.   Dr. Brian Lockhart
        420 S. 5th Avenue
        Suite D1, 1st Floor
        Reading, PA 19611

hhhh.   American Select Insurance Company
        One Park Circle
        Westfield Center, OH 44251-5001

iiii.   Progressive Insurance
        6300 Wilson Mills Road
        Mayfield Village, OH 44143

jjjj.   Carolyn's Notary and Auto Tags
        58 Cooperfield Circle
        Lititz, PA 17543

kkkk.   Abel's Notary Service
        630 Lancaster Avenue
        Columbia, PA 17512

llll.   Vitu
        1500 Paxton Street, Suite 103
        Harrisburg, PA 17104

mmmm.   Integrated Medical Transport, LLC
        2999 Revere Street
        Harrisburg, PA 17111

nnnn.   Dr. Mark Wagner
        Murphy & Wagner DO
        623 N 5th Street
        Reading, PA 19601

oooo.   Dr. Barbara Hoffer
        1623 Morgantown Road
        Reading, PA 19607-9455

pppp.   Caernarvon Fire Department
        2145 Main Street
        Narvon, PA 17555

qqqq.   Berks County Orthopedics
        438 Walnut Street
        Reading, PA 19601

rrrr.   Kelly Services
        86 Commerce Drive
        Wyomissing, PA 19610

ssss.   Employment-A-Plus
        3 Burkhardt Lane
        Newmanstown, PA 17073

tttt.   Wendy's
        1075 S. State Street
        Ephrata, PA 17522

uuuu.   People Ready
        3276 N. 5th Street Highway
        Reading, PA 19605

vvvv. Blue Ball Elementary School
126 Ewell Road
East Earl, PA 17519

wwww. Aerotek Staffing Agency
999 Berkshire Blvd., Ste 180
Wyomissing, PA 19610

xxxx. Morgan Truck Body, LLC
111 Morgan Way
Morgantown, PA 19543

yyyy. Pennsylvania Department of Health
625 Forster Street
Health & Welfare Building, Room 628
Harrisburg, PA 17120

zzzz. Bureau of Program Integrity
PO Box 8486
Harrisburg, PA 17105

aaaaa. Pennsylvania Department of Human Services
625 Forster Street
Harrisburg, PA 17120

bbbbb. Papa John's
705 W. Main Street
Ephrata, PA 17522

ccccc. Dr. Andrew S. In
3307 Lincoln Highway E
Thorndale, PA 19372

ddddd. St. Joseph Health Network @ Elverson
45 S. Pine Street
Elverson, PA 19520

eeeee. Dr. Yooson E. Kim
Family Dentistry Morgantown
3411 Main Street
Morgantown, PA 19543

fffff. Schaffer's Automotive, LLC
4579 N. Twin Valley Rd.
Elverson, PA 19520

ggggg. Andrew Wyatt Putt
  461 Charles Road
  Lancaster, PA 17603

hhhhh. Douglas E. Bird
  800 S. Cameron Street
  Harrisburg, PA 17104

iiiii. Eye Med Vision
  c/o National Regional Agents
  116 Pine Street, 3rd Floor, Suite 320
  Harrisburg, PA 17101

jjjjj. Integrated Medical Group
  82 Tunnel Road
  Pottsville, PA 17901-3869

kkkkk. Thomas W. Novy, Jr.
  517 Hellam Street
  Wrightsville, PA 17368

lllll. Wendy M. Pogue
  218 Lincoln Avenue
  Ephrata, PA 17502

## B. Damages

1. Casey Cairns
 1396 Geigertown Road
 Geigertown, PA 19523

2. Officer Kyle Tranovich
 Officer Thomas Brecker
 Sargent Matthew Menna
 Investigating Officers
 c/o Caernarvon Township Police Department
 330 Main Street
 Morgantown, PA

3. Christopher Smith
 Kevin Bambrick
 Honeybrook-Elverson EMS
 4458n St.
 Elverson, PA 19520

4. Cortney Pusch
 Matthew Keller
 Jordan Greenwood

Dispatchers
Berks County Department of Emergency Services
2561 Bernville Rd.
Reading, PA 19605

5. Kelly Motter
Responding EMT
Brandywine Hospital Medical Transport
201 Reeceville Road
Coatesville, PA 19320

6. Deputy Pete Hornberger
Captain Mike Wilson
Lieutenant Keith Gehman
Officer Tim Cunningham
Keith McGowan
Jonathan Porter
Responding Firefighters and Officers
Twin Valley Fire Company
4456 Main Street
Elverson, PA 19520

7. Barry Readinger
58 Regal Lane
Birdsboro, PA 19508

8. Tyler Sakal
41 West Fifth Street
Pottstown, Pennsylvania 19464

9. Jeffrey Reed
305 Blimline Road
Mohnton, PA 19540

10. Timothy Mast
305 East Main Street, Apartment 1
New Holland, PA. 17557.

11. Robert Lavery
Beiler Brothers Roofing
836 Peters Road
New Holland, PA 17557

12. Andre Hamilton
35 Prescott Avenue
Garfield, NJ 07026

13. Zanna Patten
    c/o Law Offices of Thomas J. Wagner, LLC
    8 Penn Center, 6th Floor
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103

14. Liam Tanelli
    c/o Law Offices of Thomas J. Wagner, LLC
    8 Penn Center, 6th Floor
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103

15. John Costa
    c/o Law Offices of Thomas J. Wagner, LLC
    8 Penn Center, 6th Floor
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103

16. Justin Haskins
    c/o Law Offices of Thomas J. Wagner, LLC
    8 Penn Center, 6th Floor
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103

17. Dr. Tara Moore
    Tara Moore Consulting
    273 N. Easton Road
    Glenside, PA 19038

18. Dr. L. Matthew Schwartz
    1108 E. Willow Grove Avenue
    Wyndmoor, PA 19038

19. Heidi Fawber
    PO Box 299
    Mars, PA 16046

20. Mark Lanterman
    Computer Forensic Services
    800 Hennepin Avenue, 5th Floor
    Minneapolis, MN 55403

21. Joseph Purfield
    c/o Harbor Business Compliance Corporation Lancaster
    1830 Colonial Village Lane
    Lancaster, PA 17601

22. Dr. Calum McRae
    ARCCA, Incorporated
    2288 Second Street Pike
    PO Box 78
    Penns Park, PA 18943

23. Dr. Timur Durrani
    2507 Ashby Avenue
    Berkeley, CA 94705

24. Dr. Ryan Michels
    850 Knitting Mills Way
    Wyomissing, PA 19610

25. Dr. Filip Moshkovsky
    Reading Hospital
    420 S. 5th Avenue
    West Reading, PA 19611

26. Dr. Eliott H. Myrowitz
    Wilmer Eye Institute at Green Spring Station
    10753 Falls Road, Suite 455
    Lutherville, MD 21093

27. Dr. Guy Fried
    Magee Rehabilitation Hospital
    1513 Race Street
    Philadelphia, PA 19102

28. Dr. Ethan Geehr
    (Unknown)

29. Dale Allen Berry
    3000 Astoria Pines Circle
    Las Vegas, NV 89107

30. Valarie Parisi
    109 Windsong Drive
    Doylestown, PA 18901

31. Dr. Michael McCabe
    Exigent
    292 Main Street
    Harleysville, PA 19438

32. Treating Physicians and providers, Records Custodians and/or Corporate Designees
    of:

a.     Omni Insurance Company a/k/a Good2Go Insurance
       1400 Union Meeting Road, Suite 250
       Blue Bell, PA 19422

b.     Pennsylvania Department of Transportation
       Bureau of Driver Licensing
       Vehicle Record Services
       PO Box 68695
       Harrisburg, PA 17106-8695

c.     Dr. Jeffrey Mumie
       315 Darby Square, Suite 100
       Elverson, PA 19520

       127 Main Street
       Harleysville, PA 19438

d.     UPMC Community Health Choices
       U.S. Steel Tower, 10th Floor
       600 Grant Street
       Pittsburgh, PA 15219

e.     Commonwealth of Pennsylvania, Department of Motor Vehicles
       1101 South Front Street
       Harrisburg, PA 17104

f.     America's Best
       4617 Perkiomen Avenue
       Exeter Commons
       Reading, PA 19606

g.     Dr. Cain Cerra
       321 N. Furnace Street, Suite 160
       Birdsboro, PA 19508

       1265 Wayne Avenue
       119 Professional Center, St 312
       Indiana, PA 15701

       860 Lancaster Avenue
       Devon, PA 19333

h.     NovaCare Rehabilitation
       321 N. Furnace Street, Suite 160
       Birdsboro, PA 19508

i.      Romed Ambulance
2860 Hedley Street
Philadelphia, PA 19137

j.      Bollman Hat Company
110 E. Main Street
Adamstown, PA 19501

k.      State Farm Insurance Company
c/o Corporation Service Company
2595 Interstate Drive, Ste 103
Harrisburg, PA 17110

l.      Caernarvon Township Police Department
3307 Main Street
Morgantown, PA 19543

m.      Charles E. Barton
Penn State St. Joseph Medical Center
2494 Bernville Road, Ste 106
Reading, PA 19605

n.      Dr. Krystle Chuong
957 Ben Franklin Highway W.
Douglassville, PA 19518

o.      Coventry Dentistry
2317 Pottstown Pike
Pottstown, PA 19465

p.      The Performance Group
824 Penn Avenue
Wyomissing, PA 19610

q.      Dr. Donovan C. Young
2733 Papermill Road
Reading, PA 19610

r.      Dr. David S. Goldberg
1 Granite Point Drive
Wyomissing, PA 19610

s.      Garden Spot Middle School
669 E. Main Street
New Holland, PA 17557

t.      Cocalico High School
810 South 4th Street
Denver, PA 17519

u.      Dr. Nathan Daigle
3130 Princeton Road, Suite B
Fleetwood, PA 19522

v.      Burmans Medical
210 Bridgewater Road, Ste. 1
Aston, PA 19014

w.      Tower Health Plastic Surgery
2610 Keiser Boulevard
Reading, PA 19610

x.      Western Berks Ambulance Association
2506 Belmont Avenue
Reading, PA 19609

y.      Reading Nephrology
301 S. 7th Avenue, Ste. 355
West Reading, PA 19611-1436

z.      Southern Berks EMS
769 Mountain View Road
Reading, PA 19607

aa.      Commonwealth of Pennsylvania Auto Tags
377 E. High Street
Pottstown, PA 19464

bb.      Pottstown Hospital
1600 E. High Street
Pottstown, PA 19464

cc.      Aetna
151 Farmington Avenue
Hartford, CT 06156

dd.      Walmart Pharmacy
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 1701

ee.      CoreSource
1280 North Plum Street
Lancaster, PA 17608

ff.     Doug's Family Pharmacy
        101 Darby Square
        Elverson, PA 19520

gg.     Horizon Healthcare
        1070 New Holland Avenue
        Lancaster, PA 17601

hh.     Pennsylvania Department of Revenue
        Director's Office
        Bureau of Administrative Services
        12th Floor Strawberry Square
        Harrisburg, PA 17128-1200

ii.     In Home Oxygen
        103 Lancaster Avenue
        Reading, PA 19611-1622

jj.     Pottstown Wound Center
        1600 E. High Street
        Pottstown, PA 19464

kk.     Star Marketing and Administration, Inc.
        400 N. Field Drive
        Lake Forest, IL 60045

ll.     Tower Health
        420 S. Fifth Ave.
        West Reading, PA 19611

        219 N. Broad St.,4th Floor
        Philadelphia, PA 19107

        1600 E. High Street
        Pottstown, PA 19464

mm.     Medline Industries
        Three Lakes Drive
        Northfield, IL 60093

nn.     GPS Physicians Group
        5485 Perkiomen Avenue
        Reading, PA 19606

oo.    Dr. Joseph W. Strangarity
       320 School Road
        Denver, PA 17517

pp.    Twin Valley Fire Department
       4456 Main Street
       Elverson, PA 19520

qq.    Ability Prosthetics and Orthotics
       660 W. Lincoln Hwy
       Exton, PA 19341

rr.    Orthopaedics Associates of Reading
       4885 Demoss Rd. #102
       Reading, PA 19606

ss.    Tower Health at Home – Berks
       1170 Berkshire Blvd.
       Wyomissing, PA 19610

tt.    Conduent
       100 Campus Dr., # 200
       Florham Park, NJ 07932

uu.    Brandywine Hospital Medical Transport
       201 Reeceville Rd.
       Coatesville, PA 19320

vv.    Heck Construction
       143 Main St
       Denver, PA 17517

ww.    GEICO Insurance Company
       1 GEICO Blvd.
       Fredericksburg, VA 22412

xx.    Encompass Health Rehabilitation Hospital
       1623 Morgantown Rd.
       Reading, PA 19607

yy.    Elverson Honeybrook EMS
       4458 Main St.
       Elverson, PA 19520

zz.    Berks Radiation Oncology Association
       6th Ave. and Spruce Streets
       West Reading, PA 19611

aaa.    Help at Home
        1202 Township Line Road
        Chalfont, PA 18914

bbb.    William Champagne
        246 Colonial Drive
        Akron, PA 17501

ccc.    Berks County Department of Emergency Services
        Direct Link Technical Center
        2561 Bernville Rd.
        Reading, PA 19605

ddd.    Social Security Administration
        Division of Earnings Record Operations
        PO Box 33003
        Baltimore, MD 21290-3003

        201 Penn Street, Suite 200
        Reading, PA 19601

eee.    Beiler Brothers, LLC
        836 Peters Road
        New Holland, PA 17557

fff.    Dr. Thiruvenkatas Dhurairaj
        301 S. 7th Avenue, Suite 135
        Reading, PA 19611

ggg.    Dr. Michael Sachenik
        301 S. 7th Avenue, Ste 135
        Reading, PA 19611

hhh.    ACME
        500 S. Muddy Creek Road
        Denver, PA 17517

iii.    Vaitl Service, Inc.
        403 West Girl Scout Road
        Stevens, PA 17578

jjj.    Reono Bertagnolli, A Medical Group
        2820 N. Ontario Street
        Burbank, CA 91504-2015

kkk.    Berkshire Rehab Center
        5501 Perkiomen Road
        Reading, PA 19606

lll.     TracFone Wireless, Inc.
         9700 Northwest 112th Avenue
         Miami, FL 33178

mmm.    Brooks Group Insurance Agency, LLC
         70 Bridge Plaza Drive
         Manalapan, NJ 07726

nnn.     Endurance American Insurance Company
         c/o Sompo International Insurance
         3333 New Hyde Park Road, Suite 210
         New Hyde Park, NY 11042

ooo.     Hallmark Specialty Insurance Company
         c/o Registered Agent
         Kerr, Irvine Rhodes & Ables
         201 Robert S. Kerr Avenue, Suite 600
         Oklahoma City, OK 73102-4267

ppp.     Dr. Jerry Szych
         Natural Medicine and Rehabilitation
         399 Campus Drive, 1st Floor
         Somerset, NJ 08873

qqq.     Reliance Partners
         555 Walnut St, Suite 280
         Chattanooga, TN 37402

rrr.     Prime Property & Casualty Insurance
         303 W. Madison Street, Suite 2075
         Chicago, IL 60606

sss.     Sompo International
         3333 New Hyde Park Road, Suite 210
         New Hyde Park, NY 11042

ttt.     Statewide Resources Insurance Agency, LLC
         655 Kearny Ave., Ste. 201
         Kearny, NJ 07032

uuu.     T-Mobile
         Law Enforcement Relations
         4 Sylvan Way
         Parsippany, NJ 07054

vvv.    Motive formerly known as Keep Truckin'
        c/o Incorporating Services, Ltd.
        3500 South Dupont Highway
        Dover, DE 19901

www.    Help at Home Services, LLC
        c/o Registered Agents, Inc.
        502 W. 7th Street, Ste. 100
        Erie, PA 16502

xxx.    Health at Home Care, LLC
        225 Cornell Avenue
        Pittsburgh, PA 15229

yyy.    Rider Insurance
        581 Main Street
        Woodbridge, NJ 07095

zzz.    Gage Personnel Employment Services
        348 N. Reading Road
        Ephrata, PA 17522

aaaa.   SMS Builders
        201 Commerce Drive, #A
        New Holland, PA 17557

bbbb.   Reamstown Elementary School
        44 S. Reamstown Road
        Reamstown, PA 17567

cccc.   French Creek Golf Course
        4500 Conestoga Road
        Elverson, PA 19520

dddd.   Brecknock Elementary School
        1332 Alleghenyville Road
        Mohnton, PA 19540

eeee.   Express Employment Professionals
        840 North Park Road
        Wyomissing, PA 19610

ffff.   Dr. Michael Williams
        Thomas Jefferson University Hospital
        111 S. 11th Street, Ste. 524
        Philadelphia, PA 19107

gggg.  Dr. Brian Lockhart
420 S. 5th Avenue
Suite D1, 1st Floor
Reading, PA 19611

hhhh.  American Select Insurance Company
One Park Circle
Westfield Center, OH 44251-5001

iiii.  Progressive Insurance
6300 Wilson Mills Road
Mayfield Village, OH 44143

jjjj.  Carolyn's Notary and Auto Tags
58 Cooperfield Circle
Lititz, PA 17543

kkkk.  Abel's Notary Service
630 Lancaster Avenue
Columbia, PA 17512

llll.  Vitu
1500 Paxton Street, Suite 103
Harrisburg, PA 17104

mmmm.  Integrated Medical Transport, LLC
2999 Revere Street
Harrisburg, PA 17111

nnnn.  Dr. Mark Wagner
Murphy & Wagner DO
623 N 5th Street
Reading, PA 19601

oooo.  Dr. Barbara Hoffer
1623 Morgantown Road
Reading, PA 19607-9455

pppp.  Caernarvon Fire Department
2145 Main Street
Narvon, PA 17555

qqqq.  Berks County Orthopedics
438 Walnut Street
Reading, PA 19601

rrrr.   Kelly Services
86 Commerce Drive
Wyomissing, PA 19610

ssss.   Employment-A-Plus
3 Burkhardt Lane
Newmanstown, PA 17073

tttt.   Wendy's
1075 S. State Street
Ephrata, PA 17522

uuuu.   People Ready
3276 N. 5th Street Highway
Reading, PA 19605

vvvv.   Blue Ball Elementary School
126 Ewell Road
East Earl, PA 17519

wwww.   Aerotek Staffing Agency
999 Berkshire Blvd., Ste 180
Wyomissing, PA 19610

xxxx.   Morgan Truck Body, LLC
111 Morgan Way
Morgantown, PA 19543

yyyy.   Pennsylvania Department of Health
Office of Medical Marijuana
625 Forster Street
Health & Welfare Building, Room 628
Harrisburg, PA 17120

Bureau of Program Integrity
PO Box 8486
Harrisburg, PA 17105
Department of Human Services
625 Forster Street
Harrisburg, PA 17120

zzzz.   Papa John's
705 W. Main Street
Ephrata, PA 17522

ccccc.   Dr. Andrew S. In
3307 Lincoln Highway E
Thorndale, PA 19372

ddddd. St. Joseph Health Network @ Elverson
       45 S. Pine Street
       Elverson, PA 19520

eeeee.     Dr. Yooson E. Kim
       Family Dentistry Morgantown
       3411 Main Street
       Morgantown, PA 19543

fffff.   Schaffer's Automotive, LLC
       4579 N. Twin Valley Rd.
       Elverson, PA 19520

ggggg. BB&T Corporation
       c/o Corporation Service Company
       2595 Interstate Drive, Ste 103
       Harrisburg, PA 17110

hhhhh. Eye Med Vision
       c/o National Regional Agents
       116 Pine Street, 3rd Floor, Suite 320
       Harrisburg, PA 17101

iiiii.   Integrated Medical Group
       82 Tunnel Road
       Pottsville, PA 17901-3869

33. Witnesses identified by Plaintiff

## VI.    EXHIBITS[15]

Defendants may us any of the following exhibits in presentation of their case in chief:

1.     Video Deposition, Exhibits, and Transcripts of Plaintiff Travis Sweigart
2.     Video Deposition, Exhibits, and Transcripts of Officer Thomas Brecker
3.     Video Deposition, Exhibits, and Transcripts of Kevin Bambrick
4.     Deposition Transcript and Exhibits of Robert Lavery
5.     Deposition Transcript and Exhibits of Jeffrey Reed
6.     Deposition Transcript and Exhibits of Tyler Sakal
7.     Deposition Transcript and Exhibits of Timothy Mast
8.     Video Deposition, Exhibits, and Transcripts of Officer Kyle Tranovich
9.     Video Deposition, Exhibits, and Transcripts of Sargent Matthew Menna
10.   Video Deposition, Exhibits, and Transcripts of Christopher Smith
11.   Video Deposition, Exhibits, and Transcripts of John Costa
12.   Video Deposition, Exhibits, and Transcripts of Liam Tanelli

---

[15] Defendants reserve the right to modify the same prior to trial, if necessary.

13.   Video Deposition, Exhibits, and Transcripts of Kevin Patten
14.   Video Deposition, Exhibits, and Transcripts of Justin Haskins
15.   Video Deposition, Exhibits, and Transcripts of Zanna Patten
16.   Video Deposition, Exhibits, and Transcripts of Casey Cairns
17.   Video Deposition, Exhibits, and Transcripts of Andre Hamilton
18.   Video Deposition, Exhibits, and Transcripts of Barry Readinger
19.   Video Deposition, Exhibits, and Transcripts of Dr. Michael McCabe
20.   Video Deposition, Exhibits, and Transcripts of Dr. Calum McRae
21.   Video Deposition, Exhibits, and Transcripts of Dr. Timur Durrani
22.   Video Deposition, Exhibits, and Transcripts of Jon Paul Dillard
23.   Video Deposition, Exhibits, and Transcripts of Dr. Jeffrey Muttart
24.   Video Deposition, Exhibits, and Transcripts of Dr. David Strayer
25.   Video Deposition, Exhibits, and Transcripts of Joellen Gill
26.   Video Deposition, Exhibits, and Transcripts of Randy Nelson
27.   Video Deposition, Exhibits, and Transcripts of Todd Hoover
28.   Video Deposition, Exhibits, and Transcripts of Stanley Andrews
29.   All materials exchanged in discovery
30.   All parties' requests and responses to Interrogatories and Requests to Produce
31.   Plaintiff's Complaints and Defendants' respective Answers with Affirmative Defenses
32.   Plaintiff's Initial Disclosures
33.   Defendants' Initial Disclosures
34.   Any and all photographs, scans, and/or videos in possession of any party depicting the area where the September 9, 2019 accident happened
35.   Any and all photographs, scans, and/or videos in possession of any party depicting the motorcycle driven by Plaintiff at the time of the collision
36.   Any and all photographs, scans, and/or videos in possession of any party depicting the tractor or trailer driven by Mr. Patten at the time of the collision
37.   Any and all photographs and/or videos in possession of any party depicting Plaintiff and any injuries sustained by Plaintiff as a result of the September 9, 2019 accident
38.   Any and all audio recordings, phone messages, or transcripts relating to the September 9, 2019 accident or Plaintiff's alleged injuries
39.   Inspection protocol and forensic imaging data of Plaintiff's cell phone
40.   Exemplar vehicles and/or parts from the 2002 Yamaha Fazer Motorcycle
41.   Exemplar vehicles and/or parts from the 2006 Freightliner
42.   Motive's Electronic Log Device
43.   Stipulations of the Parties
44.   Court Orders
45.   Requests for Admissions and Responses
46.   Demonstrative diagrams, photographs, powerpoint, and/or videos regarding the vehicles involved in the accident, accident, accident site, and events leading up to the accident
47.   Expert report(s), Demonstrative Exhibits, Curriculum Vitae and Disclosures of Todd Hoover
48.   Expert report(s), Demonstrative Exhibits, Curriculum Vitae and Disclosures of Dr. Jeffrey Muttart
49.   Expert report(s), Demonstrative Exhibits, Curriculum Vitae and Disclosures of Dr. Tara Moore
50.   Expert report(s), Demonstrative Exhibits, Curriculum Vitae and Disclosures of Kirk Cummings

51.   Expert report(s), Demonstrative Exhibits, Curriculum Vitae and Disclosures of Dr. David Curry
52.   Expert report(s), Demonstrative Exhibits, Curriculum Vitae and Disclosures of Dr. L. Matthew Schwartz
53.   Expert report(s), Demonstrative Exhibits, Curriculum Vitae and Disclosures of Dr. Michael McCabe
54.   Expert report(s), Demonstrative Exhibits, Curriculum Vitae and Disclosures of Heidi Fawber
55.   Declaration(s), Demonstrative Exhibits, Curriculum Vitae and Disclosures of Mark Lanterman
56.   Expert report(s), Curriculum Vitae and Disclosures of Stanley Andrews
57.   Expert report(s), Curriculum Vitae and Disclosures of Joellen Gill
58.   Expert report(s), Curriculum Vitae and Disclosures of Randy Nelson
59.   Expert report(s), Curriculum Vitae and Disclosures of Jon Paul Dillard
60.   Expert report(s), Curriculum Vitae and Disclosures of Dr. David Strayer
61.   Expert report(s), Curriculum Vitae and Disclosures of Valarie Parisi
62.   Expert report(s), Curriculum Vitae and Disclosures of Dr. Calum McRae
63.   Expert report(s), Curriculum Vitae and Disclosures of Dr. Guy Fried
64.   Expert report(s), Curriculum Vitae and Disclosures of Dr. Ryan Michels
65.   Expert report(s), Curriculum Vitae and Disclosures of Dr. Filip Moshkovsky
66.   Expert report(s), Curriculum Vitae and Disclosures of Dr. Dale Berry
67.   Expert report(s), Curriculum Vitae and Disclosures of Dr. Elliot Myrowitz
68.   Expert report(s), Curriculum Vitae and Disclosures of Dr. Timur Durrani
69.   Expert report(s), Curriculum Vitae and Disclosures of Ethan Geehr
70.   Affidavit, Correspondences, and Curriculum Vitae of Joseph Purfield
71.   All materials identified in Plaintiff's pre-trial memorandum or used by Plaintiff at trial[16]
72.   Records, reports, and materials of:
  a.   Omni Insurance Company a/k/a Good2Go Insurance
  b.   Pennsylvania Department of Transportation
  c.   Dr. Jeffrey Mumie
  d.   UPMC Community Health Choices
  e.   Commonwealth of Pennsylvania, Department of Motor Vehicles
  f.   America's Best
  g.   Dr. Cain Cerra
  h.   NovaCare Rehabilitation
  i.   Romed Ambulance
  j.   Bollman Hat Company
  k.   State Farm Insurance Company
  l.   Caernarvon Township Police Department
  m.   Charles E. Barton
  n.   Dr. Krystle Chuong
  o.   Coventry Dentistry
  p.   The Performance Group
  q.   Dr. Donovan C. Young
  r.   Dr. David S. Goldberg

---

[16] Defendants' incorporation of materials identified by Plaintiff does not waive their right to object to the admissibility of the same.

| | |
|---|---|
| s. | Garden Spot Middle School |
| t. | Cocalico High School |
| u. | Dr. Nathan Daigle |
| v. | Burmans Medical |
| w. | Tower Health Plastic Surgery |
| x. | Western Berks Ambulance Association |
| y. | Reading Nephrology |
| z. | Southern Berks EMS |
| aa. | Commonwealth of Pennsylvania Auto Tags |
| bb. | Pottstown Hospital |
| cc. | Aetna |
| dd. | Walmart Pharmacy |
| ee. | CoreSource |
| ff. | Doug's Family Pharmacy |
| gg. | Horizon Healthcare |
| hh. | Pennsylvania Department of Revenue |
| ii. | In Home Oxygen |
| jj. | Pottstown Wound Center |
| kk. | Star Marketing and Administration, Inc. |
| ll. | Tower Health |
| mm. | Medline Industries |
| nn. | GPS Physicians Group |
| oo. | Dr. Joseph W. Strangarity |
| pp. | Twin Valley Fire Department |
| qq. | Ability Prosthetics and Orthotics |
| rr. | Orthopaedics Associates of Reading |
| ss. | Tower Health at Home – Berks |
| tt. | Conduent |
| uu. | Brandywine Hospital Medical Transport |
| vv. | Heck Construction |
| ww. | GEICO Insurance Company |
| xx. | Encompass Health Rehabilitation Hospital |
| yy. | Elverson Honeybrook EMS |
| zz. | Berks Radiation Oncology Association |
| aaa. | Help at Home |
| bbb. | William Champagne |
| ccc. | Berks County Department of Emergency Services |
| ddd. | Social Security Administration |
| eee. | Beiler Brothers, LLC |
| fff. | Dr. Thiruvenkatas Dhurairaj |
| ggg. | Dr. Michael Sachenik |
| hhh. | ACME |
| iii. | Vaitl Service, Inc. |
| jjj. | Reono Bertagnolli, A Medical Group |
| kkk. | Berkshire Rehab Center |
| lll. | TracFone Wireless, Inc. |
| mmm. | Brooks Group Insurance Agency, LLC |
| nnn. | Endurance American Insurance Company |

| ooo. | Hallmark Specialty Insurance Co |
|---|---|
| ppp. | Dr. Jerry Szych |
| qqq. | Reliance Partners |
| rrr. | Prime Property & Casualty Insurance |
| sss. | Sompo International |
| ttt. | Statewide Resources Insurance Agency, LLC |
| uuu. | T-Mobile |
| vvv. | Motive formerly known as Keep Truckin' |
| www. | Help at Home Services, LLC |
| xxx. | Health at Home Care, LLC |
| yyy. | Rider Insurance |
| zzz. | Gage Personnel Employment Services |
| aaaa. | SMS Builders |
| bbbb. | Reamstown Elementary School |
| cccc. | French Creek Golf Course |
| dddd. | Brecknock Elementary School |
| eeee. | Express Employment Professionals |
| ffff. | Dr. Michael Williams |
| gggg. | Dr. Brian Lockhart |
| hhhh. | Dr. Thomas W. Dooley |
| iiii. | Rider Insurance |
| jjjj. | American Select Insurance Company |
| kkkk. | Progressive Insurance |
| llll. | Carolyn's Notary and Auto Tags |
| mmmm. | Abel's Notary Service |
| nnnn. | Vitu |
| oooo. | Integrated Medical Transport, LLC |
| pppp. | Dr. Mark Wagner |
| qqqq. | Dr. Barbara Hoffer |
| rrrr. | Caernarvon Fire Department |
| ssss. | Berks County Orthopedics |
| tttt. | Kelly Services |
| uuuu. | Employment-A-Plus |
| vvvv. | Wendy's |
| wwww. | People Ready |
| xxxx. | Blue Ball Elementary School |
| yyyy. | Aerotek Staffing Agency |
| zzzz. | Morgan Truck Body, LLC |
| aaaaa. | Papa John's |
| bbbbb. | Wilmer Eye Institute |
| ccccc. | Pennsylvania Department of Human Services |
| ddddd. | Schaffer's Automotive, LLC |

## VII.   ESTIMATED LENGTH OF TRIAL

Defendants estimate that this trial will take approximately ten days.

## VIII.   SPECIAL ISSUES

A.  Defendants request reconsideration on the following issues and will be submitting

bench Memorandums in support on the following:

1. Preclusion of evidence relating to Plaintiff's failure to demonstrate proficient skill and knowledge for the safe operation of a motorcycle by obtaining the required motorcycle license;

2. Preclusion of evidence relating to the condition of the motorcycle, including the failure to obtain the required safety inspection;

3. Preclusion of evidence that marijuana metabolites were present in Plaintiff's system at the time of the accident when there is sufficient corroborating evidence of impairment (i.e. significant delay in response time, decision to apply the rear brake only causing reduced braking ability and maneuverability, toxicology results demonstrating presence of metabolites, and possession of drugs and paraphernalia) that should be presented to the fact finder for determination;

4. Preclusion of habit evidence relating to speed and skill; and

5. Preclusion of the motorcycle videos that depict Plaintiff's skill level and condition/handling of the motorcycle.

B.  Defendants requested Plaintiff stipulate and agree to the authenticity, reliability and business records status of materials received pursuant to subpoena and exchanged during discovery.

Respectfully submitted,

**LAW OFFICES OF THOMAS J. WAGNER, LLC**

By:  _____
THOMAS J. WAGNER, ESQUIRE
AMY L. WYNKOOP, ESQUIRE
Attorney ID Nos.: 52876/208440
8 Penn Center, 6th Floor
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103
(T) 215-790-0761
(F) 215-790-0762
Attorneys for Defendants Voyager Trucking Corp.,
Kevin Patten, Blue & Green Trucking & Hair, LLC,
and Kevin Patten d/b/a Blue & Green Trucking &
Hair, LLC